**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4428**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORY LEE JACOBS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:18-cr-00245-LCB-2)

Submitted:  October 20, 2020                          Decided:  October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Lee Jacobs appeals his conviction and 72-month sentence imposed following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Jacobs' conviction should be vacated due to the absence of counsel at his initial appearance and whether the district court imposed an unreasonable sentence. Jacobs was advised of his right to file a pro se supplemental brief, but he did not file one. Instead, he filed a motion to dismiss or vacate the criminal proceedings alleging a due process violation and the denial of his right to appeal. For the reasons that follow, we affirm.

Jacobs contends that his Sixth Amendment right to counsel was violated due to the absence of defense counsel during his initial appearance before a magistrate judge. Jacobs did not preserve this issue in the district court. And, assuming without deciding that Jacobs' right to counsel attached upon his initial appearance before the magistrate, he waived any objection by entering his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

We review Jacobs' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the

2

Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Jacobs bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record convinces us that Jacobs' sentence is reasonable. The court properly calculated the applicable advisory Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, grounded in § 3553(a) factors. Jacobs fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore deny Jacobs' motion to dismiss or vacate his criminal proceedings and affirm the criminal judgment. This court requires that counsel inform Jacobs, in writing, of the right to petition the Supreme Court of the United States for further review. If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jacobs. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*